# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **JERMAINE DUANE TAYLOR,** *Plaintiff,* v. **DOE,** *et al.,* *Defendants.* | **CIVIL ACTION NO. 5:19-cv-00512-TES-CHW** |

**ORDER**

Before the Court is Taylor's "Motion to Object the Above Style Case From Being Dismissed" [Doc. 42] which the Court construes as a Motion for Reconsideration. Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice." M.D. Ga., L.R. 7.6. "Reconsideration of a previous order is an extraordinary remedy to be employed sparingly." *Bingham v. Nelson*, No. 5:08-cv-00246-CAR, 2010 WL 339806, at *1 (M.D. Ga Jan. 21, 2010). It "is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law." *Id*. "In order to demonstrate clear error, the party moving for reconsideration must do more than simply restate [his] prior arguments, and any arguments which the party

inadvertently failed to raise earlier are deemed waived." *Ridley v. Ford*, No. 5:20-cv-00151-MTT, 2021 WL 2324497, at *1 (M.D. Ga. June 7, 2021) (quoting *McCoy v. Macon Water Authority*, 966 F. Supp. 1209, 1222–23 (M.D. Ga. 1997)).

Here, Taylor has not identified any change in the law, newly discovered evidence, or clear error in the Court's previous Order. *See* [Doc. 42, p. 1]. Accordingly, his Motion for Reconsideration [Doc. 42] is **DENIED**.

**SO ORDERED**, this 12th day of July, 2021.

S/Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**